UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO PARDO RUBI,<br><br>                          Petitioner,<br>          v.<br>T. GONZALES, Warden,<br><br>                          Respondent. | Civil No.   11cv2391-JLS (BGS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and has paid the filing fee. The Petition is subject to dismissal because it has not been submitted on a court-approved form and because Petitioner has not clearly alleged exhaustion of his state court remedies

### **FAILURE TO USE PROPER FORM**

      A Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). The application for a writ of habeas corpus submitted by Petitioner is not on a non-approved form.

### **FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES**

      Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

§ 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Although Petitioner alleges he has exhausted his "administrative remedies," it does not appear that he has raised his claims in the California Supreme Court. (<u>See</u> Pet. at 17.) If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

However, if Petitioner intends to present his claims pursuant to 42 U.S.C. § 1983 rather than on habeas (<u>see</u> Pet. at 1), then exhaustion of state court remedies is not required, but exhaustion of administrative remedies is all that is required. Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he or she seeks is a determination that he or she is entitled to immediate release or a speedier release, the sole federal remedy is a writ of habeas corpus. <u>Id.</u> at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of prison life but not to the fact or length of custody. <u>Id.</u> at 499;

McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). It is not entirely clear from the face of the Petition whether it is Petitioner's intention to proceed with his claims under 28 U.S.C. § 2254 or 42 U.S.C. § 1983.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## CONCLUSION AND ORDER

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.

Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not used a court-approved form and has not clearly alleged exhaustion of state court remedies. Accordingly, the Court **DISMISSES** the Petition without prejudice. If Petitioner wishes to proceed with this action, he must file a First Amended Petition on a court-approved form which clearly alleges exhaustion of state court remedies on or before **December 19, 2011**. Petitioner is also free to file a separate civil rights Complaint pursuant to 42 U.S.C. § 1983, if he wishes, which will be given a separate civil case number. The Clerk of the Court shall send Petitioner a blank Southern District of California amended habeas petition form and a blank Southern District of California Civil Rights Complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: October 21, 2011

Honorable Janis L. Sammartino
United States District Judge

Copies to: ALL PARTIES